S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**STEVEN T. MYGRANT, OSB #031293**
Special Assistant United States Attorney
stevenmyg@co.clackamas.or.us
**PAMALA R. HOLSINGER, OSB #89263**
Assistant United States Attorney
Pamala.Holsinger@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1105
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3: 11-CR-00419-MO** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **THOMAS DARREN MCCRACKEN,** | |
| **Defendant.** | **Sentencing Date: August 24, 2012, at 11:30 a.m.** |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, Steven T. Mygrant, Special Assistant United States Attorney, and Pamala R. Holsinger, Assistant United States Attorney, hereby submits the following sentencing memorandum.

## I.    GOVERNMENT'S SENTENCING RECOMMENDATION

For the reasons set forth below, the government recommends on count one that the Court impose a sentence of 120 months' imprisonment, a statutory minimum four year term of supervised release and a $100 fee assessment.  On count two, the government recommends that

the Court impose a consecutive sentence of 60 months' imprisonment, a statutory minimum of five year team of supervised release and a $100 fee assessment. Such a sentence properly addresses the nature and seriousness of the offense, provides just punishment, affords adequate deterrence and significantly protects the public from further crimes of this defendant.

## II.       SUMMARY OF PROCEEDINGS

A Clackamas County grand jury indicted Mr. McCracken on narcotics and firearms related offenses on October 7, 2011. The case was subsequently reviewed and accepted for federal prosecution based on the quantity of methamphetamine seized, McCracken's possession of firearms in connection with the drug trafficking offense and McCracken's prior history of methamphetamine distribution and firearms-related offenses. A federal grand jury subsequently indicted McCracken on narcotics and firearms related offenses and the Clackamas County District Attorney's Office moved to dismiss the state charges on October 24, 2011.

On April 18, 2012, the parties memorialized a plea agreement, in which the government filed a Superseding Information charging McCracken with two offenses. Defendant pled guilty to count one charging him with Possession with Intent to Distribute Methamphetamine in an amount exceeding 50 grams of a mixture or substance containing a detectable amount of methamphetamine pursuant to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § (b)(1)(B)(viii). Defendant also pled guilty to count two charging him with Possession of Firearms in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. § 2 and 924(c)(1).

## III.      FACTUAL BACKGROUND

In September 2011, the Clackamas County Interagency Task Force (CCITF) initiated an investigation into a suspected drug trafficker, identified as Thomas McCracken. PSR ¶16.

**Government's Sentencing Memorandum**                                                    **Page 2**

CCITF investigators had developed a confidential informant (CI), who told investigators he/she had purchased methamphetamine from McCracken for the past six months. PSR ¶ 16.

On September 30, 2011, the CI contacted McCracken at law enforcement direction to inquire about the availability of methamphetamine. PSR ¶ 16. On September 30th, the defendant and CI exchanged messages to arrange a drug transaction. PSR ¶ 16. Officers followed the defendant to a separate drug transaction that occurred in a hotel parking lot on McLoughlin Boulevard in Clackamas County. PSR ¶ 17. Officers observed the defendant begin to contact another individual in the hotel parking lot. PSR ¶ 17. A subsequent interview with the other individual in the parking lot confirmed the defendant was engaged in a drug transaction. PSR ¶ 18. CCITF investigators summoned a drug detecting canine to the area to conduct an exterior sniff of McCracken's vehicle. PSR ¶ 17. The police canine alerted to the presence of narcotics within the vehicle. PSR ¶ 17. Investigators then conducted a search of the vehicle pursuant to the automobile exception. PSR ¶ 17. Investigators seized a bag within the passenger compartment of the vehicle. PSR ¶ 19. A subsequent search of the bag revealed approximately two ounces of methamphetamine. PSR ¶ 19. Quantitative analysis at the Oregon State Crime Lab subsequently revealed 53 grams of actual methamphetamine. PSR ¶ 19. Investigators also seized dealer amounts of heroin (24.2 grams), nine Oxycodone pills, marijuana, baggies, a scale and documents identifying the defendant's name and residential address. PSR ¶ 19. Investigators subsequently detained the defendant and seized dealer quantities of cash in his pockets ($2,903) and his wallet ($610). PSR ¶ 20.

CCITF investigators subsequently applied for and obtained a search warrant for defendant's residence at 15838 SE Stark Street in Multnomah County. PSR ¶ 21. Officers

**Government's Sentencing Memorandum**                                                    **Page 3**

observed evidence of drug distribution throughout the apartment including marijuana packaged for sale (158 grams); additional quantities of methamphetamine, heroin and cocaine; as well as drug packaging materials. PSR ¶ 22. The quantity of heroin seized from the residence exceeded one- quarter pound (124.26 grams). PSR ¶ 23. Investigators also seized $9,120 in cash proceeds that the defendant later acknowledged were proceeds from drug transactions. PSR ¶23 & 25. The defendant also admitted he had sold methamphetamine since 2009. PSR ¶ 25. The defendant acknowledged to investigators he purchased several ounces of methamphetamine and heroin every few days at $1,000 per ounce for each drug. PSR ¶ 25. The defendant told investigators he had recently purchased quarter-pound quantities of methamphetamine and heroin for $3,600 per quarter-pound of methamphetamine and $3,400 per quarter pound of heroin. PSR ¶ 28.

In addition to the seizure of controlled substances and cash proceeds from the defendant's vehicle and residence, ITF investigators seized two firearms from the defendant's front living room. PSR ¶ 26. Investigators found a loaded 9mm pistol tucked in defendant's couch, which had previously been reported as stolen. PSR ¶ 24. Police also found a loaded .380 derringer type pistol tucked in the same couch. PSR ¶ 24. Additionally, investigators seized 22 rounds of 9mm ammunition in the bedroom. PSR ¶ 24. Investigators interviewed the defendant, who acknowledged possessing the firearms for protection if someone tried to rob him for his drugs or money. PSR ¶ 26. McCracken denied firing either weapon, but acknowledged he would use the firearms should someone attempt to rob him. PSR ¶ 27.

**Government's Sentencing Memorandum** **Page 4**

# IV.    SENTENCING CONSIDERATIONS

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 767 (2005). Even though the Guidelines are advisory, they remain influential in an effort to ensure national consistency. *Gall v. United States*, 128 S. Ct. 586, 596 (2007) ("to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark" for sentencing); *see also United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) ("[The] continuing duty of district courts to consult the Guidelines is statutory.").

After the parties are given a chance to argue for a sentence they believe is appropriate, the Court should consider the § 3553(a) factors and decide if they support the sentence suggested by the parties. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing *Gall*, 128 S. Ct. at 596-97, n.6). The Court must make an individualized determination based on the facts, may not presume that the Guideline range is reasonable, and should not give the Guidelines factors more or less weight than other § 3553(a) factors. *Id.* If the Court decides an outside-Guidelines sentence is warranted, the Court must ensure the justification is sufficiently compelling to support the degree of variance. *Id.* And finally, once a sentence is selected, the Court must explain it sufficiently to permit meaningful appellate review. *Id.* at 992.

Factors to consider under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to provide just punishment for the offense; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to protect the public

from further crimes of the defendant; and the need to provide the defendant with needed training, care, or treatment.

## V.      PLEA AGREEMENT AND RECOMMENDED SENTENCE

### A.      RELEVANT CONDUCT

The parties agree that defendant is responsible for 53 grams of actual methamphetamine. Plea Agreement ¶ 6; PSR ¶ 12.

### B.      MANDATORY MINIMUM SENTENCE

The parties agree that count one charging the defendant with Possession with Intent to Distribute Methamphetamine in amount exceeding 50 grams of a mixture or substance containing a detectable amount of methamphetamine triggers a statutory mandatory minimum sentence of five years pursuant to 21 U.S.C. § 841(b)(1)(B)(viii).  Plea Agreement ¶ 10; PSR ¶13.

The parties further agree that count two charging the defendant with Possession of Firearms in Furtherance of a Drug Trafficking Crime triggers a statutory mandatory minimum sentence of five years to run consecutive to count one pursuant to 18 U.S.C. § 924(c)(1)(A)(i). Plea Agreement ¶ 10; PSR ¶13.

### C.      SAFETY VALVE

The parties agree that defendant does not meet the criteria for safety valve eligibility pursuant to Guideline § 2D1.1(b)(1). Plea Agreement ¶ 9; PSR ¶ 12.

### D.      ACCEPTANCE OF RESPONSIBILITY

The government recommends a three-level reduction to recognize defendant's acceptance of responsibility pursuant to § 3E1.1.  Plea Agreement ¶ 7; PSR ¶ 42-43.

### E.    BASE OFFENSE LEVEL AND ADJUSTED OFFENSE LEVEL

The PSR correctly outlines defendant's base offense level as a 32 prior to enhancements. PSR ¶ 35.  The government will not seek any further enhancements and agrees with the adjusted offense level calculated in the PSR as a Level 32, prior to the adjustment for acceptance of responsibility.  PSR ¶ 35.

### F.    CAREER OFFENDER ENHANCEMENT

The government has agreed not to seek the Career Offender Enhancement pursuant to USSG § 4B1.1.  Plea Agreement ¶ 6.  The PSR correctly outlines defendant's prior criminal history.  PSR ¶ 50-52.  The defendant's two previous convictions that are relevant for calculating the Career Offender Enhancement are (1) an Unlawful Delivery of Methamphetamine conviction in Multnomah County Circuit Court case number 00-01-30693 on June 21, 2000 and (2) Possession of a Firearm During and in Relation to a Drug Trafficking Offense conviction in U.S. District Court case number 0979-00-432-HA-2 on June 11, 2001.  The PSR correctly notes that the sentences were pronounced on separate dates and the offenses were alleged in separate charging instruments as contemplated in the Career Offender enhancement.  USSG § 4A1.2(a)(2).  PSR ¶ 50.  Despite the prima facie appearance that the defendant qualifies as a Career Offender, the government agreed not to seek the enhancement.  In making this determination, the government took into account the unique nature in which the two state and federal indictments overlapped.  Additionally, the government acknowledged that the two convictions could be found to constitute a single course of conduct as noted in the PSR.  PSR ¶ 50.  After evaluating the facts unique to these two convictions, the government agreed not to seek the Career Offender enhancement pursuant to USSG § 4B1.1.  Plea Petition ¶ 6.

**Government's Sentencing Memorandum**                                                    **Page 7**

### G.    GUIDELINE CALCULATION AND STRUCTURED OPEN SENTENCING

The parties stipulate that an Adjusted Base Offense level of 32 and Criminal History Category II apply to count one.  PSR Sentencing Summary.  After a three-level reduction for acceptance of responsibility, the parties anticipate a Total Offense Level of 29 and a Criminal History Category II which produces an advisory guideline range of 97-121 months.  PSR Sentencing Summary.  The parties further agreed that the government will seek a sentence of 120 months' imprisonment on count one.  Plea Agreement ¶ 10.  Furthermore, the plea agreement allows defendant to seek a departure sentence based on mitigation sufficiently compelling to justify a reduction down to the statutory minimum of sixty months' imprisonment on count one of the Superseding Information.  Plea Agreement ¶ 10.

The parties further stipulate that on count two of the Superseding Information, the defendant is subject to a mandatory sentence of 60 months' imprisonment pursuant to 18 U.S.C. § 924 (c)(1)(A)(i).  Plea Agreement ¶ 10.  The parties further agree that the sentence is to run consecutive to count one pursuant to 18 U.S.C. § 924 (c)(1)(A)(i).  Plea Agreement ¶ 10.

### VI.    THE UNITED STATES' RECOMMENDED SENTENCE

The defendant appears before the Court in the unique position of having a prior conviction for Possession of a Firearm During and in Relation to a Drug Trafficking Offense pursuant to 18 § U.S.C. 924 (c)(1)(A).  The statutory scheme outlined by Congress enhances a second conviction for this offense if pled and proven to a mandatory sentence of not less than 25 years' imprisonment.  18 U.S.C. § 924 (c)(1)(C)(i).  In addition, the defendant possessed a quantity of more than 50 grams of actual methamphetamine significant enough to trigger an additional consecutive mandatory sentence of not less than ten years' imprisonment.  21 U.S.C. §

**Government's Sentencing Memorandum**                                          **Page 8**

841 (b)(1)(A)(viii).  Therefore, the defendant placed himself in a position where he faced a mandatory term of 35 years' imprisonment if convicted of each of these offenses.  This lengthy term of imprisonment would have rendered the application of the Career Offender enhancement an academic issue, since his exposure on the 35 years' imprisonment exceeded the term proscribed by the Career Offender Enhancement.

Despite the aggravating circumstances of defendant's prior criminal history and his reengagement in these serious criminal offenses, the government assessed the case utilizing the factors outlined in 18 U.S.C. § 3553 (a)(1-2) to fashion the structured open-sentencing before the Court.  In recommending a 15 year sentence, the government took into consideration that the defendant's prior convictions occurred over a relatively abbreviated period of time.  The incident date of the defendant's state conviction for Unlawful Delivery of Methamphetamine occurred on January 24, 2000, and he was ultimately convicted on June 21, 2000.  PSR ¶50.  The incident date of the defendant prior federal § 924(c) conviction occurred on or between December 1, 1999, and December 24, 1999, and he was ultimately convicted on June 11, 2001.  The government also took into consideration that following defendant's release from federal custody in September 2006, the defendant successfully completed supervision, maintained a stable residence, kept full time employment, appeared stable within the community and ultimately successfully terminated supervision early in November 2008.  PSR ¶ 51.  Additionally, in assessing whether to seek the § 924(c)(1)(C)(i) subsequent conviction enhancement or litigate the applicability of the Career Offender enhancement, the government reviewed the nature and circumstances of defendant's prior and current § 924(c) offenses.  In each of these offenses, the government determined that the firearms were not brandished, physically used, nor was force

**Government's Sentencing Memorandum**                                            **Page 9**

threatened by Mr. McCracken in the commission of these drug trafficking offenses.  Instead, in defendant's prior § 924(c) conviction, the defendant traded a firearm for controlled substances and in defendant's present § 924(c) offense, the defendant maintained the firearms at his residence to safeguard his narcotics and valuables.  Finally, in assessing not to seek a lengthier sentence than 15 years imprisonment, the government took into consideration the defendant's cooperation with law enforcement following his arrest and his prompt acceptance of responsibility for these offenses.  The defendant readily admitted to investigators the length of time he distributed narcotics and did not appear to minimize his level of activity in distributing controlled substances.  The defendant also honestly admitted the purpose and use of the firearms at his residence, which solidified the § 924(c) offense theory for the underlying charge.

The government does not offer these considerations as further departure factors to justify a sentence of less than 180 months' imprisonment.  Instead, these considerations are outlined as the rationale for the government's choice to use discretion in not seeking the § 924(c) prior conviction enhancement or litigating the applicability of the Career Offender enhancement.  The defendant's relatively quick return to distributing methamphetamine in 2009 could be viewed as aggravating in nature.  Significant supervision resources were expended by the government to assist him in his transition back to the community.  The defendant's decisions to reengage in his previous lifestyle of distributing methamphetamine and heroin and to possess firearms warrant a significant sentence.  It is the government's position that the recommend term of 180 months' imprisonment accomplishes this purpose.

**Government's Sentencing Memorandum**                                              **Page 10**

## VII.    CONCLUSION

It is the government's position that the 180 month term of imprisonment adequately balances the nature and circumstance of the offense with the history and characteristics of the defendant as proscribed by 18 U.S.C. § 3553(a)(1).  Furthermore, the recommended sentence reflects the seriousness of the offenses, offers adequate deterrence to criminal conduct, justly punishes the defendant and will protect the public from further crimes of the defendant as contemplated by 18 U.S.C. § 3553(a)(1).  For the reasons set forth above, the government urges the court to find that a total sentence of 180 months' imprisonment on counts one and two of the Superseding Information, followed by the proscribed terms of supervised release and a fee assessment of $100 satisfies the requirement of 18 U.S.C. 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of 3553(a)(2).

Dated this 15th day of August 2012.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ Steven T. Mygrant*
STEVEN T. MYGRANT, OSB #031293
Special Assistant United States Attorney
PAMALA R. HOLSINGER, OSB #89263
Assistant United States Attorney